UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EVE ESCOBEDO,**

    *Plaintiff*,

v.                                                     Case No. 5:24-CV-0856-JKP

**MARIO ORELLANA; GRAHAM
MEDIA GROUP; NIECE BELL; and
SOUTHERN NEWSPAPERS INC.,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court are a number of filings: (1) Sealed Complaint (ECF No. 1) filed the pro se Plaintiff Eve Escobedo; (2) an Amended Complaint (ECF No. 6), which has been docketed as an Advisory to the Court; (3) a Motion to Dismiss (ECF No. 11) filed by Defendants Mario Orellana and Graham Media Group, San Antonio, Inc. (collectively referred to as ""KSAT" or the KSAT Defendants"); (4) a Motion to Dismiss (ECF No. 13) filed by Defendants Southern Newspapers, Inc. and Neice Bell (correct spelling per defendant) with three exhibits; (5) a Motion to Strike filed by Plaintiff (ECF No. 14); (6) an Application for Permission to File Electronically (ECF No. 15); (7) a Motion to Strike (ECF No. 16) filed by Plaintiff; and (8) responses (ECF Nos. 17 and18) to both motions to strike and Plaintiff's pro se response (ECF No. 19) to both motions to dismiss. To the extent time remains for filing any reply brief, the Court finds no need for any additional briefing. *See* W.D. Tex. Civ. R. 7(e)(2). Because the Court finds that it lacks jurisdiction over this case, it grants the initial motion to dismiss to the extent it is premised on Fed. R. Civ. P. 12(b)(1) and finds all other motions moot, except for the application to file electronically, which it grants.

The KSAT Defendants seek to dismiss this action against them under Fed. R. Civ. P. 12(b)(1) and (6). They utilize the Amended Complaint (ECF No. 6) while noting that the Original

Complaint (ECF No. 1) does not appear on the docket. The original pleading is sealed for unknown reasons. But the amended pleading controls this case regardless. KSAT first point out that Plaintiff had a prior federal complaint dismissed for lack of jurisdiction in Case No. 5:24-CV-0774-XR. They seek to dismiss this case for lack of jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The jurisdiction of federal courts is circumscribed by the limits set forth in Article III of the Constitution. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Article III legitimizes the use of judicial power "to declare the rights of individuals and to measure the authority of governments" in the resolution of "cases" and "controversies." *Id*. For that reason, a federal court must dismiss a case for lack of subject matter jurisdiction if the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

A federal court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Of course, when one party raises jurisdictional issues that would apply equally to other parties or that would defeat jurisdiction for the action in total, the Court has the obligation to consider the jurisdictional issues more broadly than as raised by that party.

In this case Plaintiff premises federal jurisdiction on 28 U.S.C. § 4101. But that statutory

2

provision "merely defines 'defamation' in the context of when a federal court or a court of any State may recognize a foreign defamation judgment." *Castillanes v. Perez*, No. 3:23-CV-1394-B-BN, 2023 WL 4869214, at *3 (N.D. Tex. Jul 12, 2023) (recommendation of Mag. J.) (quoting *White v. White*, No. 3:21-CV-228, 2022 WL 60336, at *2 (S.D. Ohio Jan. 6, 2022) (recommendation of Mag. J.) *adopted by* 2022 WL 788250 (S.D. Ohio Mar. 14, 2022)); *accepted by* 2023 WL 4873655 (N.D. Tex. July 31, 2023). Because § 4101 confers no right to a private action, it provides no basis for federal question jurisdiction. *See id*.

Without referencing any jurisdictional basis Plaintiff also states that the Court has jurisdiction "because the harmful statement giving rise to this claim occurred in this District and crossed state . . . lines involving internet online defamation." But such a statement provides no basis for federal jurisdiction. By filing this case in federal court, Plaintiff undertook the burden to establish federal jurisdiction, which requires more than conclusory assertions of jurisdiction. *See Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) (finding conclusory assertions of jurisdiction "insufficient to support [an] attempt to establish subject-matter jurisdiction").

In her response, Plaintiff argues generally that asserted arguments—including those premised on a lack of jurisdiction—"improperly deny [her] fundamental right to a remedy for injuries suffered." ECF No. 19 at 1. But this Court cannot act absent federal jurisdiction, and Plaintiff has not carried her burden to show any legitimate basis for federal jurisdiction over this action. To provide every reasonable opportunity for Plaintiff to provide a jurisdictional basis for this case, the Court has considered her response although it is clearly not filed within fourteen days of either motion to dismiss and is thus untimely as to both motions.

In her motions to strike, Plaintiff asserts that she "has raised valid claims of cyber-libel defamation and negligent and intentional inflictions of emotional distress, which are appropriately brought before the federal court." *See* ECF No. 14 at 3; ECF No. 16 at 3. This assertion adds

nothing and does not carry her burden to establish federal jurisdiction.

For the foregoing reasons the Court **GRANTS** the Motion to Dismiss (ECF No. 11) filed by Defendants Mario Orellana and Graham Media Group, San Antonio, Inc. to the extent the motion is brought under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It also **GRANTS** the Application for Permission to File Electronically (ECF No. 15). **Plaintiff shall submit the E-Filing and E-Noticing Registration Form available on the Court's website so that she is provided with electronic filing privileges for this case.** The Court **MOOTS** all other motions (ECF Nos. 13, 14, and 16).

Because this issue of jurisdiction applies to this case in general, the Court hereby **DISMISSES** this action without prejudice for lack of jurisdiction. By separate filing the Court will issue final judgment dismissing this case for lack of subject matter jurisdiction.

Given the circumstances of this case, the Court hereby **WARNS** Plaintiff that courts may impose various sanctions for abusing the litigation process—including filing civil actions in federal court without carrying her burden to establish federal jurisdiction. Appropriate sanctions may include monetary sanctions payable to the Court or a prefiling injunction that would require her to obtain judicial preapproval before she files any new federal civil action in the Western District of Texas. Depending on the circumstances, the latter sanction could be limited to any new federal civil action against any defendant in this case or any new federal civil action arising out of the facts and circumstances at issue in this case. **The Clerk is DIRECTED to mail a copy of this order to Eve Escobedo, 193 Navigator, Spring Branch, Texas, 78070.**

**IT IS SO ORDERED this 25th day of October 2024.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**